**Fayiz Mohammed Ahmed Al KANDARI, Detainee and Mohammad A.J.M.H. Al Kandari, Next Friend of Fayiz Mohammed Ahmed Al Kandari, Appellants**

v.

**UNITED STATES Of America, et al., Appellees.**

No. 10–5373.

United States Court of Appeals, District of Columbia Circuit.

Dec. 9, 2011.

Thomas Grimes Allen, Esquire, David Cynamon, Matthew Jeffrey MaClean, Pillsbury Winthrop Shaw Pittman LLP, Washington, DC, for appellants.

Sharon Swingle, Robert Mark Loeb, Tony West, U.S. Department of Justice, Washington, DC, for Appellees.

Before: KAVANAUGH, Circuit Judge, and SILBERMAN and GINSBURG, Senior Circuit Judges.

### JUDGMENT

PER CURIAM.

This case was considered on the record from the district court and on the briefs of the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the judgment of the district court is affirmed.

The petitioner argues hearsay evidence, upon which the district court relied in determining he is lawfully detained as part of Al–Qaeda, the Taliban, or an associated enemy force, is inadmissible in a habeas corpus proceeding. According to the petitioner, a lower federal court's jurisdiction over a petition for a writ of habeas corpus derives from 28 U.S.C. § 2241 because it cannot be grounded solely in the Suspension Clause of the Constitution. All proceedings under § 2241 are governed by the Federal Rules of Evidence, Rule 802 of which makes hearsay inadmissible unless it comes within an enumerated exception thereto. Because the hearsay at issue in this case does not fall into one of those exceptions, he concludes, the district court erred in considering it.

This argument is squarely foreclosed by precedent. The Supreme Court, in demarcating the minimum process required under the Due Process Clause for the detention of a U.S. citizen, held the "full protections that accompany challenges to detentions in other settings may prove unworkable and inappropriate" in detention proceedings, *Hamdi v. Rumsfeld,* 542 U.S. 507, 535, 124 S.Ct. 2633, 159 L.Ed.2d 578 (2004), and explicitly contemplated the admission of "[h]earsay ... as the most reliable evidence" available in some cases, *id.* at 534–35, 124 S.Ct. 2633. As the Court later explained, "Habeas corpus proceedings need not resemble a criminal trial." *Boumediene v. Bush,* 553 U.S. 723, 783, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008). This Court applied the Supreme Court's directive in holding any limitation upon the introduction of hearsay "operates only to the extent that it provides the baseline level of evidentiary reliability necessary for the 'meaningful' habeas proceeding *Boumediene* requires under the Suspension Clause." *Al–Bihani v. Obama,* 590 F.3d 866, 879 (D.C.Cir.2010) (citing *Boumediene,* 553 U.S at 778, 128 S.Ct. 2229). Accordingly, "the question a habeas court must ask when presented with hearsay is not whether it is admissible—it is always admissible—but what probative weight to ascribe to whatever indicia of reliability it exhibits." *Id.*

Indeed, this Court previously considered and rejected in *Al–Odah* the argument the petitioner raises here. *Al–Odah v. United States,* 611 F.3d 8, 14 (D.C.Cir.2010) ("[The petitioner] argues that the Federal Rules of Evidence and the habeas corpus statute, 28 U.S.C. § 2241 *et seq.,* restrict the situations in which a district court may admit hearsay evidence in considering a petition from a person detained pursuant to the AUMF. The law is against him."); *see also Barhoumi v. Obama,* 609 F.3d 416, 422 (D.C.Cir.2010). Precedent therefore controls the outcome of this case.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.